UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

RONALD TOLER,

                Plaintiff,

          -against-

THE CITY OF NEW YORK, POLICE OFFICER HECTOR RODRIGUEZ, Shield No. 05980, Individually and in his Official Capacity, POLICE OFFICER ROBERT NEGRON, Shield No. 04986, Individually and in his Official Capacity, and LT. KEVIN CARLTON, Tax No. 09551, Individually and in his Official Capacity, and P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                Defendants.

-------------------------------------------------------------------X

**AMENDED COMPLAINT**
**16 CV 01345 (ERK)(RER)**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff RONALD TOLER, by his attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows that:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff RONALD TOLER is an African American male and has been at all relevant times a resident of Queens County in the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. At all times hereinafter mentioned POLICE OFFICER HECTOR RODRIGUEZ, Shield No. 05980, POLICE OFFICER ROBERT NEGRON, LT. KEVIN CARLTON, Tax No. 09551, and P.O.s JOHN DOE #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## **FACTS**

13.     On or about August 1, 2014, at approximately 6:35 p.m. in the County of Kings, State of New York, the plaintiff, RONALD TOLER, was lawfully present in the vicinity of 1534 East 96th St.

14.     At the aforesaid time and place plaintiff had just pulled his vehicle into a lawful parking spot, when he was accosted by members of the NYPD – POLICE OFFICER HECTOR RODRIGUEZ, Shield No. 05980, POLICE OFFICER ROBERT NEGRON, LT. KEVIN CARLTON, Tax No. 09551, and P.O.s JOHN DOE #1-10 – who ordered him out of said vehicle. Plaintiff complied with these officers' orders and immediately after he exited said vehicle, defendants began to search his person and vehicle.

15.     Thereafter, although defendants did not find any contraband on plaintiff's person or in plaintiff's vehicle, defendants' handcuffed plaintiff's arms tightly behind his back and placed him into an unmarked police van. Plaintiff was detained in this police vehicle for approximately one (1) hour before he was eventually transported to a police precinct.

16.     Upon arrival at said precinct, plaintiff was fingerprinted, photographed, searched, questioned, and confined in a holding cell without his consent.

17. Subsequently, defendants charged plaintiff with Criminal Possession of a Weapon in the Second and Third Degrees.

18. At no time on August 1, 2014, did the plaintiff possess or control any weapons, nor did he behave unlawfully in any way.

19. At no time on August 1, 2014, did defendants possess reasonable suspicion to stop, question, and/or frisk plaintiff.

20. At no time on August 1, 2014, did defendants possess probable cause to arrest or deprive plaintiff of his liberty for an extended period of time.

21. At no time on August 1, 2014, did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

22. As a result of his unlawful arrest plaintiff was incarcerated for approximately twelve (12) hours before the NYPD voided his arrest and released him from the precinct.

23. As a result of his unlawful arrest, plaintiff lost his job.

24. As a result of the foregoing, the plaintiff sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, lost wages, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

25. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

27. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth

Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

31. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

32. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, illegally searched and confined, without any probable cause, privilege or consent.

33. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

65. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

66. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

67. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and

    ii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and

    iii. fabricating evidence in connection with their prosecution in order to cover up police misconduct; and

68. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of the plaintiff.

69. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by the plaintiff as alleged herein.

70. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by the plaintiff as alleged herein.

71. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the plaintiff's constitutional rights.

72. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the plaintiff's constitutional rights.

73. The acts complained of deprived the plaintiff of his right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from seizure and arrest not based upon probable cause;

    c. Not to have summary punishment imposed upon him; and

    d. To receive equal protection under the law.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

    i. an order awarding compensatory damages in an amount to be determined at trial;

    ii. an order awarding punitive damages in an amount to be determined at trial;

    iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

    iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       July 26, 2016

BY: _____/S_____
JOSHUA FITCH
GERALD COHEN
ILYSSA FUCHS
COHEN & FITCH LLP
*Attorneys for Plaintiff*
233 Broadway, Suite 1800
New York, N.Y. 10279

(212) 374-9115
jfitch@cohenfitch.com
gcohen@cohenfitch.com
ifuchs@cohenfitch.com